JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

CESAR ABREU,

                             Plaintiff,

           - against -

CITY OF NEW YORK,
POLICE OFFICER AHMED MARUF, TAX ID 952389,
SERGEANT JOHN C. DeBENEDETTO, TAX ID 900818,
POLICE OFFICERS JOHN DOE 1-6,

                             Defendants.

17 CV 2104(WHP)(KHP)
**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, CESAR ABREU is a 24 year old male, who, at all times relevant to this action, was a resident of New York.

2. Defendant, CITY OF NEW YORK ("NYC"), is a municipality within the State of New York, which includes Bronx County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant POLICE OFFICER AHMED MARUF, TAX ID 952389, was at all relevant times an officer with the NYPD assigned to the Transit Bureau District 11. All actions by MARUF complained of herein were taken in the course of his employment and under color of law. MARUF is being sued in both his individual and official capacities.

1

4. Upon information and belief, Defendant SERGEANT JOHN C. DeBENEDETTO, TAX ID 900818, was at all relevant times a supervising officer with the NYPD assigned to the 44th Precinct. All actions by DeBENEDETTO complained of herein were taken in the course of his employment and under color of law. DeBENEDETTO is being sued in both his individual and official capacities.

5. Upon information and belief, Defendants POLICE OFFICERS JOHN DOE 1-6 ("the DOE defendants"), a fictitious name of unidentified persons, were at all relevant times uniformed officers with the NYPD. All actions by the DOE defendants complained of herein were taken in the course of their employment and under color of law. The DOE defendants are being sued in both their individual and official capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

8. The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

9. On August 4, 2016, at about 9:45 pm, Plaintiff was standing outside the turnstile area of the 161st Street D train station in Bronx County.

10. While at that location, Plaintiff stood in an area where public speaking is permitted, pursuant to the New York City Transit Authority Rules of Conduct, Section 1050.6.

11. While at that location, Plaintiff was engaged in protected First Amendment activity, specifically, preaching about repentance from sin and the forgiveness of Jesus.

12. While engaging in protected First Amendment activity, Plaintiff did not physically or verbally threaten others.

13. While engaging in protected First Amendment activity, Plaintiff did not attempt to physically harm himself or others.

14. While engaging in protected First Amendment activity, Plaintiff did not cause physical harm to himself or others.

15. While engaging in protected First Amendment activity, Plaintiff did not appear to be mentally ill.

16. While engaging in protected First Amendment activity, Plaintiff did not interfere with the provision of transit service.

17. While engaging in protected First Amendment activity, Plaintiff did not engage in any activity prohibited by the Rules of Conduct.

18. While engaging in protected First Amendment activity, Plaintiff did not leave the area where such activity is permitted.

19. Plaintiff was approached by Defendant MARUF and one or more of the DOE defendants, and told that he had to stop his preaching and leave the station.

20. Plaintiff, who was aware of the Rules of Conduct, asserted his First Amendment right to continue preaching and refused to leave.

21. Subsequently, a supervising officer believed to be Defendant DeBENEDETTO and additional DOE defendants arrived at the location, surrounded Plaintiff and ordered him to leave the station.

22. Plaintiff continued to refuse to leave and was eventually placed in handcuffs, catagorized as an emotionally disturbed person [EDP], and transported to

Lincoln Hospital.

23. Plaintiff was examined by the staff of the hospital and found to be mentally sound, coherent and logical with no need for psychiatric or other medical intervention.

24. Plaintiff was discharged from the hospital on August 5, 2017 at approximately 11:35 am.

25. Plaintiff was not charged with any criminal offense.

26. As a result of the defendants' actions, Plaintiff continues to suffer from emotional distress.

27. As a result of the defendants' actions, Plaintiff is in fear of exercising his First Amendment rights in public and has ceased all such activity.

## FIRST CLAIM
(§1983 - UNLAWFUL IMPRISONMENT)

28. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29. Plaintiff was taken into custody without lawful basis and transported to Lincoln Hospital, ostensibly as an EDP. In so doing, Maruf, DeBenedetto, and the DOE defendants, violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from unlawful imprisonment under color of law.

30. By reason thereof, Maruf, DeBenedetto, and the DOE defendants violated

42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, and the loss of his constitutional rights.

## SECOND CLAIM
(§1983 - VIOLATION OF FIRST AMENDMENT RIGHTS)

31. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32. While acting under color of law, Maruf, DeBenedetto, and the DOE defendants interfered with Plaintiff's right to engage in free speech, specifically, the right to lawfully espouse his religious beliefs in a time, place and manner where such conduct was permitted.

33. As a result of their conduct, Plaintiff's exercise of his freedom of speech has been effectively chilled.

34. In so doing, Maruf, DeBenedetto, and the DOE defendants violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

35. By reason thereof, Maruf, DeBenedetto, and the DOE defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish and the loss of his constitutional rights.

## THIRD CLAIM
(§1983 - MONELL LIABILITY)

36. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every

allegation of paragraphs 1 through 35 of the Complaint as if incorporated and reiterated herein.

37. It is a policy or practice of the NYPD and the City of New York to allow and tolerate its police officers to designate persons as being emotionally disturbed and take them into custody for involuntary hospitalization without lawful basis.

38. The NYPD and the City of New York allow such involuntary hospitalizations as a means of exercising control over persons who do not follow unlawful commands or exhibit odd, though legal behavior.

39. Cases brought against the City of New York demonstrate the continuing and long term existence of such a policy or practice and include: Brock v. City of New York, 15 CV 1832 (S.D.N.Y.); Schoolcraft v. City of New York, 106 F.Supp3d 465 (S.D.N.Y. 2015); Moody v. City of New York, 10 CV 9161 (S.D.N.Y.); Tsesarskaya v. City of New York, 843 F.Supp.2d 446 (S.D.N.Y. 2012).

40. Plaintiff reasonably believes that many additional cases of this nature exist which will be revealed through discovery.

41. By reason thereof, the Defendant City of New York violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

### FOURTH CLAIM
(§1983 - MONELL LIABILITY)

42. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

43. The NYPD and the City of New York have failed to provide adequate training to their police officers as to the provisions and requirements of involuntary hospitalization under Mental Hygiene Law §9.41.

44. As a result, members of the NYPD abuse their statutory authority by unlawfully taking persons for hospitalization and forcible mental evaluation without these persons having demonstrated any of the statutory elements.

45. By reason thereof, the Defendant City of New York violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vi) Such other relief as the Court deems just and proper.

Dated: New York, New York
March 23, 2017

                Goldberg & Allen, LLP
                Attorneys for Plaintiff

By: _____
     Jay K. Goldberg [JG-1294]
     49 West 37th Street, 7th Floor
     New York, New York 10018
     (212) 766-3366